FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 AUG 11 A 11: 30

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

*Southern Division*

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL | * | |
| AUTOMATIC SPRINKLER | | |
| INDUST. WELFARE FUND, *et al.*, | * | |
| | | |
| **Plaintiffs,** | * | |
| | | |
| v. | * | **Case No.: GJH-16-4000** |
| | | |
| FIRST RESPONDER FIRE | * | |
| PROTECTION CORPORATION | | |
| | * | |
| **Defendant.** | | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

The Trustees of the National Automatic Sprinkler Industry Welfare Fund, National Automatic Sprinkler Local 669 UA Education Fund, National Automatic Sprinkler Industry Pension Fund, Sprinkler Industry Supplemental Pension Fund, and International Training Fund ("Plaintiffs" or the "NASI Funds") bring this action against Defendant First Responder Fire Protection Corporation ("Defendant") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 *et seq.* Following Defendant's failure to answer or otherwise defend in this action, the Clerk of the Court entered default against Defendant on June 7, 2017. ECF No. 8. Now pending before the Court is Plaintiffs' Motion for Default Judgment against Defendant pursuant to Fed. R. Civ. P. 55(b). ECF No. 7. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons that follow, Plaintiffs' Motion for Default Judgment is granted. Judgment is entered against Defendant in the total amount of $241,609.95.

## I.  BACKGROUND[1]

The NASI Funds are multiemployer employee benefit plans as defined in Section 3(3) of ERISA, 29 U.S.C. § 1002(3). ECF No. 1 ¶ 2. The Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds ("Trust Agreements"), and the Collective Bargaining Agreements between Sprinkler Fitters Local Unions No. 483, 669, 709 ("the "Unions") and the Defendant. *Id.* The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785. *Id.*

Defendant First Responder Fire Protection Corporation is a corporation existing under the laws of the State of California, with offices located in California. ECF No. 1 ¶ 3. Defendant operates as a contractor or subcontractor in the sprinkler industry, and at all times relevant to the action was and is an employer in an industry affecting commerce as defined by ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14) and by the Labor-Management Relations Act (LMRA), 28 U.S.C. §§ 142(1), (3) and 152(2). *See id.*

Plaintiffs allege that Defendant entered into agreements with the Unions, which, in turn, bound them to the Collective Bargaining Agreements executed between the Unions and the National Fire Sprinkler Association. ECF No. 1 ¶ 4; ECF No. 7-3 ¶¶ 2–8; *see also* ECF Nos. 7-4–7-9 (agreements between Defendant and Local Union 669); ECF Nos. 7-10–7-14 (agreements between Defendant and Local Union 483); and ECF Nos. 7-15–7-18 (agreements between Defendant and Local Union 709). Pursuant to the Collective Bargaining Agreements, Defendant was obligated to pay to the NASI Funds certain sums of money for each hour worked by its employees who were covered by the Collective Bargaining Agreements. ECF No. 1 ¶ 5; *see also*

---

[1] The following facts are taken from the Complaint, ECF No. 1, and Plaintiff's memorandum and exhibits in support of the Motion for Default Judgment, ECF No. 7.

ECF No. 7-3 ¶¶ 2–8. According to the Complaint, Defendant employed individuals covered by the Collective Bargaining Agreements from March 2015 through the present. ECF No. 1 ¶ 6.

Additionally, at all times relevant to the action, Defendant was bound to the Trust Agreements, ECF Nos. 7-19–7-23, and the Guidelines for Participation in the NASI Funds ("Guidelines"), ECF No. 7-24. ECF No. 1 ¶ 7. Under the terms of the Trust Agreements, when an employer becomes two or more months delinquent in making the required contributions, and has not submitted the proper reporting forms, the NASI Funds are permitted to project the amount of the employer's delinquency using the following formula:

> [T]he greater of (a) the average of the monthly payments or reports submitted by the Employer for the last three (3) months for which payments or reports were submitted, or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted . . .

ECF No. 1 ¶ 10; *see also* ECF No. 7-3 ¶ 16. Additionally, when an employer fails to timely pay required contributions, the employer is obligated to pay liquidated damages under the following calculation:

> (1) If payment is not received . . . by the 15th of the month, 10% of the amount [owed] is assessed.
> (2) An additional 5% is added if payment is not received . . . by the last working day of the month in which payment was due.
> (3) An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

ECF No. 1 ¶ 14; ECF No. 7-3 ¶ 20.

Defendant allegedly failed to pay complete contributions to the NASI Funds for the months of October 2015, November 2015, December 2015, January 2016, August 2016, and September 2016. *See* ECF No. 1 ¶ 8. Defendant further failed to pay complete contributions for the months of July 2016 through November 2016 and did not submit reporting forms for these

3

months. *Id.* ¶ 8. Using the above-mentioned delinquency formula, Plaintiffs claimed a total amount of $90,446.20 in delinquent contributions from Defendant. *See id.* ¶ 9, 11, 15; ECF No. 1-3 at 1.[2] Adding the additional months of November 2016 through February 2017, in the Motion for Default Judgment, Plaintiffs now claim a revised amount of $109,948.42. *See* ECF No. 7-1 at 2; ECF No. 7-25 at 1.[3]

In addition, Defendant's contributions for the months of March 2015 through September 2015, April 2016, May 2016, August 2016, and September 2016, and partial contributions for October 2015 through January 2016, August 2016, and September 2016 were allegedly paid late. ECF No. 1 ¶ 12. The partial contributions owed for October 2015 through January 2016, August 2016, and September 2016, and the contributions owed for the months of July 2016 and October 2016 are also late. *Id.* ¶ 13. In the Motion for Default Judgment, Plaintiffs further claim that contributions owed from November 2016 through February 2017 are late. *See* ECF No. 7-3 ¶ 19. Accordingly, pursuant to the liquidated damages formula described above, Plaintiffs seek $108,308.82 in liquidated damages. ECF No. 7-1 at 2; ECF No. 7-3 ¶ 21; ECF No. 7-25 at 1. Plaintiffs also seek $21,301.21 in interest assessed at the rate of twelve percent per annum on unpaid contributions through March 31, 2017 and continuing to accrue through the date of payment, attorneys' fees of $1,466.50 and costs of $585.00. *See* ECF No. 7 at 1; ECF No. 7-1 at 2.

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[3] Although the requested amounts in the Motion for Default Judgment differ from the amounts stated in the Complaint, in the Complaint, Plaintiff requested as relief "all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees . . ." ECF No. 1 at 6. Accordingly, and as the Court previously reasoned in *Trustees of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Altitude Fire Prot., LLC*, No. GJH-15-2662, 2016 WL 4082622, at *4 (D. Md. July 29, 2016) and *Trustees of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Harvey*, No. GJH-15-521, 2016 WL 297425, at *5 (D. Md. Jan. 21, 2016), Defendant is fairly regarded to be on notice of the subsequent increase due to the continuing obligations to make contributions to the Funds under the applicable collective bargaining agreements.

4

Plaintiffs initiated the action against Defendant First Responder Fire Protection Corporation on December 15, 2016. ECF No. 1. Summons were returned as executed on December 29, 2016. ECF No. 4. An Answer from Defendant was due on January 11, 2017. *Id.* With no Answer having been filed, Plaintiffs moved for an entry of default against Defendant on March 16, 2017, ECF No. 6, and the Clerk entered default against Defendant on June 7, 2017. ECF No. 8. Plaintiffs' Motion for Default Judgment, ECF No. 7, is now ripe for review. Having considered the well-pleaded allegations of the Complaint, and the Motion for Default Judgment and supporting documentation, the Court now grants default judgment against Defendant and in favor of Plaintiffs, in the total amount of $241,609.95, broken down as follows: $109,948.42 in delinquent contributions, $108,308.82 in liquidated damages, $21,301.21 in interest, attorneys' fees of $1,466.50, and costs of $585.00.

## II.    STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328 at \*2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422; *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (noting that "[t]he defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact," which provide the basis for judgment). Upon a finding of liability, "[t]he court must make an independent determination regarding damages . . ." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013). Fed. R. Civ. P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." While the Court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

## III.   ANALYSIS

The Court has subject matter jurisdiction over this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132 and 1451(c). Venue is proper under 29 U.S.C. §§ 1132(e)(2), 1451(d), as NASI Funds are administered in Landover, Maryland. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997); *Trustees of Nat. Automatic Sprinkler Indus. Pension Fund v. Best Automatic Fire Prot., Inc.*, 578 F. Supp. 94, 95 (D. Md. 1983).

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such

6

plan or such agreement." 29 U.S.C. § 1145; *see Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Camelot Constr., Inc.*, No. 1:14-CV-161-LMB-TRJ, 2015 WL 13050031, at *3 (E.D. Va. Apr. 14, 2015). In the Complaint, Plaintiffs allege that Defendant was obligated under the terms of the Collective Bargaining Agreements and Trust Agreements to make contributions to the NASI Funds, but failed to make timely and complete payments. ECF No. 1 ¶¶ 8–9, 12–13. Plaintiffs attach the Declaration of John P. Eger, Assistant Fund Administrator of the National Automatic Sprinkler Industry Pension Fund, who attests that Defendant failed to pay complete contributions for the months of December 2016 through February 2017 for work performed by its sprinkler fitters employees in the jurisdiction of Local 669, ECF No. 7-3 ¶ 13, and for the months of December 2016 through February 2017 for work performed by its sprinkler fitters employees in the jurisdiction of Local 483, *id.* ¶ 14. Eger further attests that Defendant failed to pay contributions for the months of July 2016, September 2016, and November 2016 for work performed by its sprinkler fitters employees in the jurisdiction of Local 709, and failed to pay complete contributions for the months of December 2016 through February 2017. *Id.* ¶ 15. Thus, assuming the truth of the well-pleaded allegations in the Complaint, Plaintiffs have established Defendant's liability under ERISA and the relevant Agreements.

Regarding damages, 29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions, and in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A)  the unpaid contributions,
> (B)  interest on the unpaid contributions,
> (C)  an amount equal to the greater of—
>   i. interest on the unpaid contributions, or
>   ii. liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law)

of the amount determined by the court under subparagraph
(A),

(D)    reasonable attorney's fees and costs of the action, to be paid
by the defendant, and

(E)    such other legal or equitable relief as the court deems
appropriate.

29 U.S.C. § 1132(g)(2); *see also Columbus Show Case Co.*, 2014 WL 3811252, at *4 (E.D. Va.

Aug. 1, 2014); *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration &

Painting Co.*, 919 F. Supp. 2d 680, 686 (D. Md. 2013); *Trustees of Plumbers & Pipefitters Nat.

Pension Fund v. Lake Side Plumbing & Heating, Inc.*, No. 1:12-CV-00298 LO/IDD, 2012 WL

6203001, at *4 (E.D. Va. Nov. 20, 2012).

In support of the request for damages, Plaintiffs refer to the Declaration of John P. Eger,

who attests to a projected delinquency for the months of July 2016 through February 2017 in the

amount of $103,614.03, using the projection formula described *supra*. ECF No. 7-3 ¶¶ 16–17.

This figure is supported by the attached calculation documentation, which further includes

$4,055.43 for "contributions owed on behalf of apprentice," and $2,278.96 in "contribution

shortages," for a total delinquent contribution balance of $109,948.42. ECF No. 7-25 at 1; *see* 29

U.S.C. § 1132(g)(2)(A). Pursuant to the liquidated damages formula described earlier, and as

Eger attests in his Declaration, Defendant further owes $108,308.82 in liquidated damages. ECF

No. 7-3 ¶ 21; ECF No. 7-25 at 1; *see* 29 U.S.C. § 1132(g)(2)(C)(ii). Additionally, Plaintiffs seek

interest assessed at twelve percent per annum on unpaid contributions through March 31, 2017,

and accruing through the date of payment, totaling $21,301.21. ECF No. 7 ¶ 3. The interest is

owed pursuant to 29 U.S.C. § 1132(g)(2)(B) and the Trust Agreements, and is supported by the

attached documentation, *see* ECF No. 7-25 at 2.

Finally, in support of their claim for attorneys' fees and costs, Plaintiffs submit the

declarations of their attorney, Charles W. Gilligan, ECF No. 7-26, a spreadsheet specifying the

8

hourly billing by Gilligan and his paralegal with respect to the instant lawsuit, ECF No. 7-27, and invoices for costs spent on out-of-state process service, ECF No. 7-28. These materials indicate that Gilligan's firm spent 11.25 hours on this case on behalf of Plaintiffs, at a rate of $122.00 per hour for paralegal time and $310.00 per hour for attorney time. ECF No. 7-26 ¶ 3. These rates are within the local guidelines and are reasonable. *See* Loc. R. App. B (D. Md. July 1, 2016). Plaintiffs are therefore awarded $1,466.50 in attorneys' fees. The record also substantiates the following expenses: $185.00 for service of process and $400.00 for filing fees. ECF No. 7-26 ¶ 6; ECF No. 7-28. Thus, Plaintiffs are awarded $585.00 in costs.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment is granted. Judgment is entered against Defendant and in favor of Plaintiff in the total amount of $241,609.95. Additionally, post-judgment interest shall accrue until the judgment is satisfied pursuant to 28 U.S.C. § 1961. A separate Order shall issue.

Date: August 11, 2017

GEORGE J. HAZEL
United States District Judge